UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS                               NO. 24-99

SCHARMAINE LAWSON BAKER         SECTION "R" (1)

## ORDER AND REASONS

Before the Court is the Government's omnibus motion *in limine*.[1] Defendant opposed part of the omnibus motion.[2] For the following reasons, the Court grants the motion in part and defers it in part.

## I. BACKGROUND

On April 25, 2024, the Government filed an indictment charging Scharmaine Lawson Baker with six counts of health care fraud.[3] Baker pled not guilty to the charges in the indictment,[4] and her trial is scheduled for July 21, 2025.[5]

The Government now moves to (1) exclude evidence and argument related to specific instances of "good deeds" and "law-abidingness;" (2)

---

[1] R. Doc. 40.
[2] R. Doc. 43.
[3] R. Doc. 1.
[4] R. Doc. 15.
[5] R. Doc. 34.

preclude defendant from eliciting testimony about her own hearsay statements to witnesses or other third parties; (3) preclude defendant from using interview reports prepared by law enforcement agents to impeach government witnesses; (4) exclude evidence and argument suggesting selective prosecution; (5) preclude defendant from arguing about the government's failure to call a particular witness; (6) exclude any mention of plea negotiations, offers, or the defendant's rejection of a plea offer; (7) exclude evidence and argument blaming Medicare as the victim of the charged offenses; (8) exclude evidence and argument related to harm or prejudice to the defendant caused by the indictment; and (9) exclude evidence and argument that the defendant should be acquitted for reasons other than the evidence and the law.[6]  Defendant opposes the exclusion of the first, second, and third categories of evidence and arguments.[7]

---

[6]     R. Doc. 40-1.

[7]     R. Doc. 43.

## II.    DISCUSSION

### A. Opposed motions in limine.

#### 1. *Evidence and argument related to specific instances of "good deeds" and "law abidingness."*

The government argues that evidence and argument related to specific instances of "good deeds" and "law-abidingness," including evidence of defendant's legitimate billing or legitimate services, as circumstantial proof that she is not guilty, should be excluded.[8]  Specifically, the government states that defendant may try to introduce evidence about instances in which she followed the applicable rules, helped patients, or legitimately performed or billed for services, or that the cancer genetic testing she is accused of prescribing improperly provided some benefits to patients.[9]  The government argues that this evidence is inadmissible as it is irrelevant to the charges and is improper character evidence because defendant's character is not an element of the charge.[10]  Defendant argues that honesty is a pertinent character trait to 18 U.S.C. § 1347, and defendant should not be precluded from introducing any character evidence.[11]

---

[8]    R. Doc. 40-1 at 3.
[9]    *Id.* at 5.
[10]    R. Doc. 40-1 at 3-5.
[11]    R. Doc. 43 at 2-4.

Federal Rules of Evidence 404 and 405 govern a defendant's ability to introduce character evidence.  Rule 404 states: "Evidence of a person's character is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).  The Rule provides an exception for criminal cases, under which a defendant may "offer evidence of the defendant's pertinent trait."  Fed. R. Evid. 404(a)(2)(A).  "In the criminal context, a pertinent trait is one that is relevant to the offense charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (citing *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).

Rule 405 establishes the methods by which a defendant may prove character.  Fed. R. Evid. 404(b).  Under Rule 405(b), specific instances of conduct are not permitted, unless the pertinent character trait is an essential element of a charge, claim, or defense.  *Id.*  In *United States v. Gulley*, the Fifth Circuit found that Rule 405(b) "limits the use of specific prior acts to cases where character is at issue in the *strict sense*."  526 F.3d 809, 818 (5th Cir. 2008) (emphasis added).

Defendant has been charged with six counts of health care fraud. Defendant's character is "not an essential element of the charges against [her]."  *United States v. Kahn*, 768 F. App'x 266, 270 (5th Cir. 2019) (affirming the exclusion of evidence of good character in a health care fraud

case when the defendant was charged under, among other statutes, 18 U.S.C. § 1347); *see also United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (affirming the exclusion of evidence of proper billings in an insurance fraud case because the evidence was irrelevant to the charges in the indictment). Accordingly, the Court grants the government's motion to exclude evidence and argument related to specific instances of "good deeds" and "law abidingness."

### 2. *Testimony about defendant's own hearsay statements to witnesses or other third parties.*

The government seeks to preclude defendant from attempting to elicit or admit her own self-serving statements made to law enforcement agents, government investigators, or other witnesses as inadmissible hearsay.[12] Defendant argues that granting the government's motion would deny defendant the right to respond to inaccuracies, embellishments, and mischaracterizations introduced by the government through the defendant's inculpatory statements.[13]

---

[12]    R. Doc. 40-1 at 6.
[13]    R. Doc. 43 at 4-6.

Federal Rule of Evidence 802 provides that hearsay is inadmissible unless a federal statute, the federal rules of evidence, or other rules prescribed by the Supreme Court provide otherwise.  "The rules do not . . . provide exceptions for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."  *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996); *see also United States v. Quanash,* 171 F. App'x 51, 52 (9th Cir. 2006) ("Self-serving statements are not exempted from the hearsay rule by . . . exemption or exception and are thus inadmissible hearsay."); *United States v. Crinel*, 2016 WL 6441249 (E.D. La. Nov. 1, 2016) (granting motion *in limine* to exclude such testimony in a health care fraud trial) (Morgan, J.).

The Fifth Circuit has recognized "that statements that are otherwise barred by the hearsay rules remain admissible under Rule 106."  *United States v. Carpenter*, 2025 WL 120670, at *4 (5th Cir. 2025) (quoting *United States v. Portillo*, 969 F.3d 144, 176 (5th Cir. 2020)).  Amended Federal Rule of Evidence 106 states:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part – or any other statement – that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

The Committee Notes to the most recent amendment of Rule 106 clearly state that the amended rule "does not give a green light of admissibility to all

excised portions of statements.  It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression."  Fed. R. Evid. 106 cmt.

The Fifth Circuit has held that "Rule 106 requires the introduction of . . . [additional material] only when the omitted portion is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021) (quoting *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996)); *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983) (Rule 106 "restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent need to be admitted.") (citing *United States v. McCorkle*, 511 F.2d 482, 486 (7th Cir. 1975), *cert. denied*, 423 U.S. 826 (1975)); *see also United States v. Cleveland*, 1997 WL 253120, at *1 (E.D. La. May 14, 1997) ("Rule 106's fairness standard . . . require[s] that the omitted portion be relevant and necessary to qualify, explain, or place into context the portion already introduced.") (Vance, J.).  Further, the Rule "does not permit a party to introduce . . . [additional material] to

affirmatively advance their own, alternative theory of the case." *Herman*, 997 F.3d at 264. (quoting *Branch*, 91 F.3d at 731).

The Committee Notes also state that the amended rule "cover[s] all statements, including oral statements, that have not been recorded." Fed. R. Evid. 106 cmt. However, "[a] party seeking completion with an unrecorded statement would . . . need to provide admissible evidence that the statement was made."[14] *Id.*

To use Rule 106, defendant must point to the specific statements she wants admitted "so that the district court can assess their admissibility on fairness grounds." *United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024); *see also Branch*, 91 F.3d at 729-31. The defendant must explain with particularity why each statement satisfies Rule 106's requirement that the statement "is necessary to qualify, explain, or place into context the portion already introduced." *Herman*, 997 F.3d at 264.

Without viewing the statements that defendant seeks to admit, the Court cannot rule on a blanket request to prohibit the introduction of

---

[14]    The Committee Notes continue: "Otherwise, there would be no showing that the original statement is misleading, and the request for completion should be denied. In some cases, the court may find that the difficulty in proving the completing statement substantially outweighs its probative value– in which case exclusion is possible under Rule 403." *Id.*

defendant's own statements.  The Court orders defendant to identify by July 14, 2025, any statements by defendant in recordings already produced to defendant as government exhibits, that defendant seeks to introduce under Rule 106.  Defendant must identify the specific statements (e.g., by providing the exact lines of a transcript) and explain why any such evidence satisfies Rule 106.  The government's response is due by July 17, 2025.  If, during trial, defendant seeks to admit a statement under Rule 106, defendant must approach the bench and identify the specific statement defendant seeks to introduce and explain with particularity why each statement satisfies Rule 106 as outlined above.  Accordingly, the Court defers ruling on the government's motion to exclude testimony about defendant's own hearsay statements to witnesses or other third parties.

### 3. Use of interview reports prepared by law enforcement agents to impeach government witnesses.

The government seeks to preclude defendant from introducing an interview report to impeach a witness as a prior inconsistent statement of anyone other than the report's author.[15]  Additionally, the government requests that the defendant be precluded from reciting or publishing the

---

[15]    R. Doc. 40-1 at 8.

contents of the interview reports to the jury in those circumstances or otherwise suggesting the reports are statements of the witness.[16]  Defendant argues that whether the interview reports are a substantially verbatim recital under the Jencks Act is a factual question for the Court to resolve based on any conflicting witness testimony.[17]  Thus, defendant argues, she should not be precluded from using the interview reports to determine whether they are substantially verbatim.[18]    Defendant additionally argues that the government's motion should be denied because it is unclear which reports will be introduced at trial.[19]

A "witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993).  Thus, the Court cannot issue a blanket ruling without first deciding whether the statements are verbatim, or the witnesses have "subscribed to or otherwise adopted the statement[s] as [their] own." *Id.*  "If it can be established that a [g]overnment witness did adopt a statement or it was recorded verbatim, the interview report may be

---

[16]     *Id.*
[17]     R. Doc. 43 at 6-7.
[18]     *Id.* at 7.
[19]     *Id.*

used for impeachment during the cross-examination of the witness who made the statement.  If not, the report itself may be offered only through the agent to prove that the statement was made to the agent, rather than to prove the truth of the matter asserted in the statement." *United States v. Akula*, 2023 WL 4235568, at *5 (E.D. La. Jun. 28, 2023) (quoting *Crinel*, 2016 WL 6441249, at *4) (Africk, J.).

If defendant seeks to use any interview reports for impeachment purposes, defendant must first make a showing that the statement has been adopted by the witness or that the statement was recorded verbatim. Otherwise, defendant may ask only if the statement was made.  Upon request, the Court will issue a limiting instruction.

The defendant has already received Jencks material from the government.  The Court orders defendant to identify any interview reports produced by the government that she contends have been signed, adopted, or were recorded verbatim by July 8, 2025.  The government's response is due July 15, 2025.  Accordingly, the Court defers ruling on the government's motion to preclude defendant from using interview reports prepared by law enforcement agents to impeach government witnesses.

11

## B. Unopposed motions in limine.

### 1. *Evidence and argument suggesting selective prosecution.*

Arguments regarding selective prosecution must be raised with the Court before trial and should not be presented to the jury. Fed. R. Crim. Pro. 12(b)(3)(A). Further, the Supreme Court has held that a "selective-prosecution claim is not a defense on the merits to the criminal charge itself." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Thus, evidence of selective prosecution may not be presented to the jury at trial. Accordingly, the Court grants the government's motion to exclude evidence and argument suggesting selective prosecution.

### 2. *The government's failure to call a particular witness.*

Whether a negative inference can be drawn from the failure to call a particular witness depends on whether that witness is "equally available" to both parties. *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956). "If the witness is equally available to both parties, any negative inference from one party's failure to call that witness is impermissible." *United States v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (citing *McClanahan*, 230 F.2d at 925). When the witness is not equally available,

"a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *Id.* Even so, the negative inference may be drawn only if "the missing witness has information peculiarly within his knowledge." *Id.* (citing *Streber v. Comm'r of Internal Revenue*, 138 F.3d 216, 221-22 (5th Cir. 1998). The government asserts that the defendant can subpoena any witness available to the government.[20] Defendant does not contest this point. Accordingly, the Court grants the government's motion to preclude defendant from commenting on the government's failure to call a particular witness.

### 3. *Mention of plea negotiations, offers, or the defendant's rejection of a plea offer.*

Plea negotiations and related statements are irrelevant to Baker's guilt or innocence. *See United States v. Martin*, 431 F.3d 846, 852 (5th Cir. 2005) ("Discussions during plea negotiations are clearly not admissible."). Accordingly, the Court grants the government's motion to preclude the mention of plea negotiations, offers, or the defendant's rejection of a plea offer.

---

[20]    R. Doc. 40-1 at 11.

>   *4.  Evidence and argument blaming Medicare as the victim of the charged offenses.*

The Fifth Circuit has held that negligence on the part of the victim is not a shield for the defendant.  *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980).  In *Kreimer*, the Fifth Circuit stated:

> The victim's negligence is not a defense to criminal conduct.  The truth about virtually every scheme to defraud could be obtained if the gull were clever and diligent enough. . . . The laws protecting against fraud are most needed to protect the careless and the naïve from lupine predators, and they are designed for that purpose.

*Id.*  Accordingly, the Court grants the government's motion to preclude defendant from introducing evidence and argument blaming Medicare.

>   *5.  Evidence and Argument related to harm or prejudice to the defendant caused by the indictment.*

Evidence related to any harm or prejudice that being under Indictment has caused defendant does not negate any element of the charged offenses, and does not constitute a defense against those charges.  Such evidence has no "tendency to make a fact [of consequence] more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Thus, such evidence is not relevant.  Accordingly, the Court grants the government's motion to

exclude evidence and argument related to harm or prejudice the defendant may be experiencing.

> *6. Evidence and argument that the defendant should be acquitted for reasons other than the evidence and the law.*

"Jury nullification is not a right belonging to the defendant," and "[a] trial judge may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 at *16 (first citing *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir. 1997); and then citing *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)).  In *Thompson*, the Fifth Circuit endorsed the principle that jury nullification is not desirable and that trial judges should exercise their power to prevent it when possible.  *Id.* (citing *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society, committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent.")). Accordingly, the Court grants the government's motion to preclude defendant from introducing evidence and argument that she should be acquitted for reasons other than the evidence and the law.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DEFERS IN PART the Government's motion *in limine*.

New Orleans, Louisiana, this ___7th___ day of July, 2025.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE