UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-99 |
| SCHARMAINE LAWSON BAKER | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is the Government's notice of intent to introduce at trial intrinsic evidence, or, in the alternative, extrinsic evidence pursuant to Federal Rule of Evidence 404(b).[1] Defendant opposes the introduction of this evidence.[2] For the following reasons, the Court finds that evidence of false bankruptcy filings by defendant is admissible as intrinsic evidence. The Court additionally finds the evidence admissible under a Rule 403 analysis.

**I.   BACKGROUND**

On April 25, 2024, the Government filed an indictment charging Scharmaine Lawson Baker with six counts of health care fraud.[3] The government alleges that defendant executed a scheme and artifice to defraud Medicare by submitting claims for medically unnecessary cancer genetic

---

[1]   R. Doc. 38.
[2]   R. Doc. 47.
[3]   R. Doc. 1.

1

testing ("CGx testing").[4]  The government alleges that defendant ordered CGx tests for Medicare beneficiaries during the time period of around October 2018 to around October 2019.[5]  It further alleges that defendant received a kickback per CGx testing order.[6]  To conceal the fraudulent activity, the government alleges that the kickbacks were documented as "network-based consultations," and, of particular relevance to this order, that defendant intentionally omitted the income from Bronson[7] (the alleged "kickbacks") in her 2019 bankruptcy petition.[8]

On June 4, 2025, the government filed a notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b).[9]  The government seeks to introduce evidence that defendant concealed her income from Bronson in her 2019 bankruptcy filings.[10]  Defendant opposes the government's use of such evidence against her.[11]  The Court considers the motion below.

---

[4]   *Id.* at 5.
[5]   *Id.* at 6-7.
[6]   *Id.* at 8.
[7]   Bronson is "Company 1" in the indictment.
[8]   *Id.*
[9]   R. Doc. 38.
[10]  *Id.*
[11]  R. Doc. 47.

2

## II.  LAW AND DISCUSSION

Federal Rule of Evidence 404(b) is "designed to guard against the inherent danger" that the evidence of other bad acts may lead a jury "to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). Rule 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2).

The phrase "crime, wrong, or other act" includes only those acts that are "extrinsic" to the crimes charged in the indictment. See *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir. 2008). Evidence intrinsic to the charged offense does not implicate Rule 404(b). *Id.* at 354. "Other act" evidence is intrinsic when: (1) evidence of the other act is "inextricably intertwined" with evidence of the charged offense; (2) the charged offense and the other act are part of the same "criminal episode"; or (3) the other act was a necessary preliminary step toward completing the charged offense. *Id.* Intrinsic evidence "is admissible to complete the story of the crime by proving the immediate context of events in time and place." *United States v.*

3

*Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (citing *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir. 1981)); *see also United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) ("Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place and to evaluate all of the circumstances under which the defendant acted.").

The government seeks to use evidence that defendant omitted income she received from Bronson (the alleged "kickbacks" for ordering CGx tests) in her 2019 bankruptcy filings. Defendant filed for Chapter 13 bankruptcy on April 29, 2019,[12] and amended the filing to include additional income sources in August of 2019.[13] The government states, and defendant does not contest, that defendant omitted the income derived from Bronson in both filings.[14]

The bankruptcy petition is linked in time and circumstance to the allegations of health care fraud. The bankruptcy petition, and amendment, were filed during the time period that defendant was allegedly ordering fraudulent CGx tests. Indeed, the indictment lists the approximate claim dates for Counts 1-6 as follows: Count 1—April 29, 2019; Count 2—April 30,

---

[12]   R. Doc. 38-1 at 6.
[13]   R. Doc. 38 at 9.
[14]   *Id.*; *see also* R. Doc. 1 at 8.

4

2019; Count 3—May 1, 2019; Count 4—May 1, 2019; Count 5—May 24, 2019; Count 6—August 14, 2019.[15]

Further, the indictment alleges that the omissions in the bankruptcy petition were part of defendant's efforts to conceal the kickbacks.[16] This concealment, the government alleges, was part of the manner and means of defendant's alleged scheme to defraud Medicare.[17] The Court agrees. That defendant did not claim the income from Bronson in her bankruptcy filings supports an inference that she intended to conceal the income she was receiving as a result of Medicare fraud. Further, the omission enhanced defendant's ability to conceal the scheme and its proceeds from the government, thereby allowing it to continue. *See United States v. Staton*, 605 F. App'x 110, 116 (3d Cir. 2015) ("Evidence that [defendant] failed to file federal income taxes . . . enhanced his ability to conceal his scheme and its proceeds").

Therefore, the evidence "complete[s] the story of the crime," *Coleman*, 78 F.3d at 156, and is "inextricably intertwined" with the crime charged, *Crawley*, 533 F.3d at 354. *See also United States v. Stapleton*, 455 F. App'x 896, 897-98 (11th Cir. 2012) (holding that evidence of uncharged bankruptcy

---

[15]   R. Doc. 1 at 9.
[16]   *Id.*
[17]   *Id.*; R. Doc. 38 at 10.

fraud was "inextricably intertwined" and "necessary to complete the story of the [mortgage fraud] offense" and therefore intrinsic); *United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) (finding that evidence of defendants' omissions on tax returns were "inextricably intertwined" with non-tax fraud charges and thus allowed as direct evidence); *cf. United States v. Sponaugle*, 2024 WL 4144069, at *6 (3d Cir. Apr. 9, 2024) (holding that tax returns that omitted additional "income" she received through her fraudulent scheme was intrinsic, direct evidence of the fraud as it helps prove she acted with the necessary intent). For the foregoing reasons, the Court finds that the proffered evidence is intrinsic to the crimes charged.

The Court now turns to Federal Rule of Evidence 403. To the extent that defendant argues the evidence should be inadmissible under Rule 403, the Court finds the arguments without merit. Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. The Fifth Circuit has cautioned that "the exclusion of evidence under Rule 403 should occur only sparingly." *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993); *see also United States v. Barnes*, 803 F.3d 209, 221 (5th Cir. 2015) ("Rule 403 is not designed to permit the

6

court to even out the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none." (internal quotations omitted)).

The evidence's probative value is not substantially outweighed by the risk of undue prejudice.[18] The probative value of the evidence is clear. According to the government's theory of the case, the concealment evidence completes the story of defendant's scheme to defraud Medicare and facilitated its continuation. Defendant has not provided a compelling argument as to how the evidence would be unfairly prejudicial to her. Rule 403 does not bar introduction of the proffered evidence.

## III. CONCLUSION

For the foregoing reasons, the Court HOLDS that the bankruptcy concealment evidence is intrinsic and is admissible.

New Orleans, Louisiana, this __14th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] The Court additionally finds that the probative nature of the evidence is not substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

7